IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Accident Insurance Company, Inc., a South Carolina Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. Bank National Association and U.S. )<br>Bank Trust N.A., )<br>)<br>Defendants. )<br>) | Civil Action No.: 3:16-cv-2621-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court pursuant to Defendant U.S. Bank Trust's ("USBT") Motion to Dismiss for lack of personal jurisdiction. (ECF No. 13.) Plaintiff Accident Insurance Company ("AIC") opposed USBT's Motion (ECF No. 43), and filed a Motion for Jurisdictional Discovery (ECF No. 56). For the reasons set forth below, the court concludes that USBT is not subject to the court's personal jurisdiction, **GRANTS** USBT's Motion to Dismiss for lack of personal jurisdiction (ECF No. 13), and **DENIES** AIC's Motion for Jurisdictional Discovery (ECF No. 56).

I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2016, AIC filed a Complaint for a jury trial against U.S. Bank National Association ("U.S. Bank")[1] and its affiliate, USBT. (ECF No. 1.) AIC alleges that USBT breached various duties as trustee of the Destra Targeted Income Unit Investment Trust ("Destra UIT"), and asserts claims for breach of fiduciary duty (Count 4) and negligence/gross negligence (Count 5).[2] (*Id.*)

---

[1] U.S. Bank and USBT, although affiliated, are separate entities.
[2] Plaintiff voluntarily dismissed its securities fraud claim (Count 7). (ECF No. 43 at 10 n.1.)

1

On September 9, 2016, USBT filed a Motion to Dismiss for lack of personal jurisdiction and failure to state a claim. (ECF No. 13.) As to personal jurisdiction, USBT asserted that it was not subject to general or specific jurisdiction in South Carolina. (ECF No. 13-1 at 13-19.) It submitted evidence showing, among other things, that USBT is not "at home" in South Carolina, and did not perform any of its obligations with respect to the Destra UIT in South Carolina. (*Id.*; *see also* ECF No. 13-2.)

On November 17, 2016, AIC filed a response in opposition to USBT's Motion, conceding that general jurisdiction was lacking (ECF No. 43 at 10 n.1), but asserting that specific jurisdiction existed, primarily because USBT knew or should have known that units of the Destra UIT would enter a reinsurance trust account for which AIC was a beneficiary (*Id*. at 11-13). Alternatively, AIC asked for leave to conduct jurisdictional discovery so it could "supplement" its showing. (*Id*. at 17.)

On December 23, 2016, USBT filed a Reply to AIC's response, asserting that AIC was not entitled to jurisdictional discovery because its request was based on speculation and conclusory assertions. (ECF No. 51 at 8.) USBT also explained, in part, that this court already rejected AIC's main theory of personal jurisdiction in a recent case. (*Id*. at 2-3) (citing and quoting *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-01300, 2016 WL 6781057, at *10 (D.S.C. Nov. 16, 2016) (holding that specific jurisdiction over USBT did not exist).

On June 28, 2017, AIC renewed its request for jurisdictional discovery. (ECF No. 56.) AIC sought to "explore," among other things, USBT's "involvement in and approval of the decisions made in South Carolina that would have a direct impact in South Carolina." (ECF No. 56-1 at 3.) This discovery would encompass USBT's business plans, trust agreements, trust asset acquisitions, contracts, licensing, the "hiring and firing of management and employees in South

Carolina," and marketing. (*Id*.) Other topics included "the reporting to, approval, and accountability of South Carolina employees" and the "internal operations and corporate structures of U.S. Bank and USBT." (*Id*.) On July 12, 2017, USBT filed a response in opposition to AIC's Motion, reasserting its position that AIC is not entitled to jurisdictional discovery. (ECF No. 57.) On July 19, 2017, AIC filed a Reply to USBT's response, asserting six bases for personal jurisdiction. (ECF No. 58.) On August 3, 2017, USBT filed a Sur-Reply to AIC's Reply, asserting that AIC's "new assertions are baseless and should be rejected." (ECF No. 62.)

## II. JURISDICTION

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. AIC is organized and incorporated in the State of South Carolina, with its principal place of business in Lexington County, South Carolina. (ECF No. 1 at 1.) U.S. Bank is a wholly owned subsidiary of U.S. Bancorp, and is a national chartered bank with its principal place of business and headquarters in the State of Minnesota. (*Id*.) USBT is a wholly owned subsidiary of U.S. Bancorp and an affiliate of U.S. Bank. (*Id*.) Its principal place of business is in Wilmington, Delaware. (*Id*.) The amount in controversy in this matter exceeds $75,000.00. (*Id*. at 2.)

## III. LEGAL STANDARD

A federal district court in South Carolina will exercise personal jurisdiction over a defendant to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment. *See* S.C. CODE ANN. § 36-2-803 (2012); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 834 (D.S.C. 2015). Due process requires that the defendant have minimum contacts with the forum state "'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

When a defendant challenges the court's personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has "the burden of proving" that jurisdiction exists "by a preponderance of the evidence." *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). There are two paths to personal jurisdiction that satisfy due process. The first path is "general jurisdiction." For general jurisdiction to exist, the defendant must have contacts so substantial, continuous, and systematic with the forum that it may be sued there for any reason. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). The second path is "specific jurisdiction." For specific jurisdiction to exist, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden*, 134 S. Ct. at 1121.

Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). A court has the discretion to deny jurisdictional discovery if a plaintiff offers only speculation or conclusory assertions about defendant's contacts with a forum state. *Tuttle Dozer Works Inc. v. Gyro-Trac (USA), Inc.*, 463 F. Supp. 2d 544, 548 (D.S.C. 2006). When the plaintiff's claim does not appear to be frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging the burden of establishing the court's jurisdiction. *Cent. Wesleyan Coll. V. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992).

### IV. ANALYSIS

The dispute in this matter is whether the court has specific personal jurisdiction over USBT. AIC claims the court does, asserting: "As trustee over the Destra Fund, USBT knew or should have known that the Destra Fund contained undervalued and worthless assets to the detriment of South Carolina insurance companies, including AIC." (ECF No. 43 at 12.) However, this court rejected a nearly identical argument in a recent case. In *Companion*, fourth-party plaintiff

4

Alexander Burns claimed USBT was subject to specific jurisdiction because "in its role as trustee of the Destra UIT, [USBT] knew that other parties would deposit Destra UIT units in trust accounts that have a South Carolina insurer as the named beneficiary, which might then generate litigation over those units in South Carolina." *Companion*, 2016 WL 6781057, at *10. This court held that "such knowledge, even if supported by the evidence, would not amount to purposeful availment because it is not contact with South Carolina created by USBT." *Id*. A defendant's knowledge that a plaintiff has strong forum connections and that the plaintiff will suffer harm in the forum does not satisfy the minimum contacts test, as it "impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis, rather than contacts created by the defendant." *Id*. (quoting *Walden*, 134 S. Ct. at 1124-25).

Indeed, the Supreme Court has reaffirmed this principle by stating that "for specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, a corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (full internal quotation marks and alterations omitted). The Court concluded: "What is needed-and what is missing here-is a connection between the forum and the specific claims at issue." *Id*.

USBT has specifically denied engaging in any conduct in South Carolina, or even intentionally directed at South Carolina, giving rise to AIC's claims. (ECF No. 13-2 ¶ 6, 8-12.) AIC did not refute any of these specific denials or adduce any evidence to the contrary until its Reply to USBT's response. (ECF No. 58.) AIC presented six bases for personal jurisdiction, mainly regarding (1) a snapshot from U.S. Bank's website indicating that USBT has "two separate offices in South Carolina," and an account manager located in Columbia, South Carolina, and (2)

an agency theory that USBT is subject to personal jurisdiction because "an agent of the principal undertook activities in South Carolina." (*Id.*) The court finds that AIC is conflating U.S. Bank and USBT and is merely conducting a "fishing expedition in the hopes of discovering some basis for jurisdiction." *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory*," 283 F.3d 208, 216 n.3 (4th Cir. 2002); *see also Carefirst of Md. Inc. v. Carefirst Pregnancy Cts., Inc.*, 334 F.3d 390, 403 (4th Cir. 2003) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendant, the Court need not permit even limited discovery . . . should it conclude that such discovery will be a fishing expedition.") (citation and internal quotation marks omitted); *Ruhe v. Bowen*, No. 2:15-cv-03792, 2016 WL 5372555, at *6 (D.S.C. Sept. 26, 2016) (denying jurisdictional discovery where plaintiff's claim of personal jurisdiction is based on bare allegations that the defendants had significant contacts with South Carolina).

Because AIC has failed to meet its burden to demonstrate that USBT should be subject to the court's specific jurisdiction, the court must dismiss AIC's Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). The court declines to consider USBT's alternative grounds for dismissal that AIC's Complaint fails to state a claim for which the court can grant relief.

AIC, however, did request that alternatively, should the court decline to exercise personal jurisdiction over USBT, rather than dismiss USBT, to transfer the claims to Delaware. (ECF No. 43 at 18.) 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The appropriate venue of an action is a procedural matter that is governed by federal rule and

statutes." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 651 (4th Cir. 2010) (citing Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1391; 28 U.S.C. § 1406(a)). "Whether a case should be transferred to an alternative venue rests within the sound discretion of the district court." *Sw. Equip., Inc. v. Stoner & Co., Inc.*, C/A No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (citing *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984)).

A district court considering a 28 U.S.C. § 1404(a) motion must evaluate both the convenience of the parties and various public-interest considerations."[3] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. W.D. Tex.*, 134 S. Ct. 568, 581 (2013). AIC only asserts that "if transfer was barred, it would be severely prejudiced in not being able to seek recourse against USBT." (ECF No. 43 at 18.) Because AIC does not provide support for the various public and private considerations, the court is not persuaded by this statement.

---

[3] The Court in *Atl. Marine Constr. Co.* identified the private and public factors as follows:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. (internal quotation marks omitted). The Court must also give some weight to the plaintiffs' choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

*Atl. Marine Constr. Co.*, 134 S. Ct. at 581 n.6.

## V. CONCLUSION

Based on the foregoing, USBT's Motion to Dismiss for lack of personal jurisdiction (ECF No. 13) is **GRANTED**, and AIC's Motion for Jurisdictional Discovery (ECF No. 56) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 25, 2017

Columbia, South Carolina