**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Accident Insurance Company, Inc., a South Carolina Corporation, | ) ) | Civil Action No. 3:16-cv-02621-JMC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| U.S. Bank National Association, | ) ) | |
| Defendant. | ) ) | **ORDER** |
| U.S. Bank National Association, | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| Southport Lane Advisors, Southport Specialty Finance, Administrative Agency Services, and Alexander Chatfield Burns, | ) ) ) ) | |
| Third Party Defendants. | ) ) | |

Plaintiff Accident Insurance Company, Inc. filed this action against Defendant U.S. Bank National Association seeking monetary damages for breach of contract, breach of fiduciary duty, negligence/gross negligence, negligent misrepresentation, and civil conspiracy regarding a trust agreement.  (ECF No. 154 at 21 ¶ 116–25 ¶ 141.)

This matter is before the court on Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Liability Expert and Evidence Related to Government Investigations.  (ECF No. 177.) Specifically, Defendant moves the court for an order excluding "(1) any testimony from Accident's liability expert, Don Coker; (2) any evidence or argument concerning government investigations; and (3) any evidence or argument concerning U.S. Bank's alleged lack of BSA/AML ['Bank Secrecy Act/Anti-Money Laundering compliance'] training."  (*Id.* at 1.)  In support of its Motion,

1

Defendant asserts first that Coker's Expert Report (ECF No. 177-1) consists of impermissible legal conclusions regarding its alleged breaches of fiduciary duty. (ECF No. 177 at 3 (citing, *e.g.*, *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) (observing "that defendants held a 'fiduciary' relationship to plaintiffs" as an example of "inadmissible testimony")).) Next, Defendant contends that Rules 408,[1] 802,[2] 404(b),[3] 401,[4] and 403[5] of the Federal Rules of Evidence prohibit admission of the following documents Plaintiff wants to introduce into evidence: "(1) a 2015 Office of the Comptroller of Currency Consent Order (the "OCC Consent Order") between the OCC and U.S. Bank; (2) a 2018 Deferred Prosecution Agreement ("DPA") between U.S. Bancorp and the Office of the U.S. Attorney for the Southern District of New York; and (3) a 2018 Complaint filed by the Securities and Exchange Commission against two of Southport's principals, Alexander Chatfield Burns and Andrew B. Scherr (the "SEC Complaint"), and the Consent Judgment that Burns entered into to resolve the SEC Complaint (the "SEC Consent Judgment")." (ECF No. 177 at 4–13 (referencing ECF Nos. 177-2, 177-3, 177-4, 177-5).) Finally, Defendant posits that it is irrelevant

---

[1] "Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." Fed. R. Evid. 408(a).

[2] "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802.

[3] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

[4] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

[5] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

under Federal Rule of Evidence 401 whether it "enhanced or modified its BSA/AML training in light of the OCC Consent Order and the DPA." (ECF No. 177 at 13.)

Plaintiff opposes the instant Motion arguing that (1) Coker's testimony only informs the court "of banking industry practice rather than attempting to supplant the [c]ourt's role in determining USB's culpability," (2) the Rules of Evidence cited by Defendant do not foreclose Plaintiff from introducing the OCC Consent Order, the DPA, the SEC Complaint, and the SEC Consent Judgment (collectively, the "government investigation documents"), and (3) the BSA/AML training is relevant because Defendant's training failures led directly to Plaintiff's losses. (ECF No. 190.)

## I.        ANALYSIS

### A.        Testimony of Plaintiff's Liability Expert Don Coker

The parties first dispute the admissibility of Coker's Expert Report and trial testimony. Relevant to this inquiry, Federal Rule of Evidence 704(a) provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "However, opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *McIver*, 470 F.3d at 561–62 (citing *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002); *Okland Oil Co. v. Conoco, Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998)).

The court reviewed Coker's Report and found numerous instances where he expressly opined regarding the existence of fiduciary duties and the breach of those fiduciary duties by Defendant. (*E.g.*, ECF No. 177-1 at 2, 8 ("U.S. Bank was bound by the fiduciary duty of loyalty . . . ."), 9–10, 12 ("The record in this case is replete with breaches of fiduciary duty committed by U.S. Bank . . . ."), 17 ("U.S. Bank breached its inherent fiduciary duties . . . .").) Therefore, the

court is persuaded that Coker's Report contains impermissible opinion evidence on these issues. *E.g.*, *Tessier v. Moffatt*, C/A No. 98-0116, 2000 WL 35725886, at \*1 (E.D. La. Feb. 25, 2000) ("[T]estimony of an attorney expert concerning whether there has been a breach of fiduciary duty offers a legal opinion and, as such, is inadmissible." (citing *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999)); *Christiansen v. Nat'l Sav. & Tr. Co.*, 683 F.2d 520, 529 (D.C. Cir. 1982) ("The existence of fiduciary duties in the context of this case is a legal conclusion. The duty to issue such conclusions devolve on the courts and lay legal conclusions are inadmissible in evidence." (citation omitted)). However, even though it agrees with Defendant that Coker's impermissible "legal conclusions pervade his [R]eport," the court is not persuaded that this requires exclusion of the entirety of Coker's Report and testimony.

The court observes that Coker has "over thirty (30) years of experience . . . in trust, investment and securities services and in the customs, standards, and uses of trust and investment services as they are rendered by financial institutions" (ECF No. 177-1 at 3–4), and his knowledge can possibly assist the court in making the legal determinations at issue in the bench trial of this matter. *See Sun Yung Lee v. Clarendon*, 453 F. App'x 270, 278 (4th Cir. 2011) ("Whether an expert will assist the factfinder is a question the trial court has 'wide discretion' to decide. This is true 'particularly when the court sits as the trier of fact, for [it] is then in the best position to know whether expert testimony would help [it] understand the case.'" (internal and external citations omitted)); *cf. Greenbrier Hotel Corp. v. Unite Here Health*, C/A No. 5:13-cv-11644, 2016 WL 9781805, at \*2 (S.D. W. Va. Mar. 14, 2016) ("As several courts have found, there is little need 'for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.'" (citations omitted)).

Therefore, the court grants Defendant's Motion in part and prohibits Coker from opining

or providing testimony in which he expressly states any legal standards regarding the existence of fiduciary duty and/or draws any legal conclusions regarding the breach of fiduciary duty. If Coker begins to testify to any opinion which Defendant believes is impermissible opinion testimony, it may object to that testimony during the trial. The court further reserves the right to rule on the admissibility of specific opinions when offered at trial, and to exclude or strike any testimony that contains inadmissible legal standards and/or conclusions, or questions that invite such testimony.

B.      Government Investigation Documents

The parties' second dispute relates to the admissibility of the government investigation documents.

Upon its review, the court observes that cases addressing the admissibility of such government investigation documents generally have fallen into one of two categories, ultimately determining either (1) that the documents in their entirety are expressly inadmissible based on Rule 408's prohibition against allowing into evidence statements and conduct made in the course of compromise negotiations or (2) that their factual findings and conclusions are admissible under Rule 803(8)'s[6] "public records and report" hearsay exception.[7] *E.g.*, *compare Option Res. Grp. v. Chambers Dev. Co., Inc.*, 967 F. Supp. 846, 849 (W.D. Pa. 1996) ("Rule 408 does not preclude the introduction of the SEC's findings, including the opinions and conclusions, rendered in the administrative proceedings, and while such findings and conclusions may constitute hearsay under

---

[6] "A record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) neither the opponent does not show that the source of information nor or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).

[7] The court observes that it was unable to locate an expressly on-point opinion establishing precedent by either the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court.

Rules 801 and 802, they are plainly admissible under Rule 803(8)(C), the 'Public records and reports' exception."), *with Carpenters Health & Welfare Fund v. Coca-Cola Co.*, C/A No. 1:00-cv-2838-WBH, 2008 WL 9358563, at *3, *4 (N.D. Ga. Apr. 23, 2008) (disagreeing with *Option Res.* finding that an "SEC Order falls squarely into the class of evidence deemed inadmissible" and that "Rule 803(8)[] is not a back door vehicle for the introduction of evidence which is otherwise inadmissible"); *see also Wilson v. Parisi*, No. 3:CV-04-1737, 2009 WL 151666, at *1 (M.D. Pa. Jan. 21, 2009) ("Courts generally agree that Rule 408 applies to consent decrees." (citations omitted)). In trying to determine which of the two categories is applicable to the instant dispute, the court finds that it cannot ignore that "Rule 408 exists to protect a party that settles one claim from having that settlement used against it to establish liability (or the extent of liability) of that same party in another lawsuit for the same claim." *S.E.C. v. Pentagon Capital Mgmt. PLC*, No. 08 Civ. 3324, 2010 WL 985205, at *4 (S.D.N.Y. Mar. 17, 2010). In this regard, even though Plaintiff does not expressly state that the purpose for offering the government investigation documents is to prove Defendant's liability based on the similarity of conduct, it appears clear to the court that Plaintiff seeks to introduce these documents to validate its claims. (*See* ECF No. 190 at 7 (asserting that the government investigation documents show how Defendant "consistently failed to meet industry standards to monitor and root out suspicious financial activity running through its institution, knew its monitoring program was deficient, failed to take reasonable steps to address the deficiencies, and actively sought to conceal its misdeeds from regulators"), 15 ("[T]he government investigation documents are 'direct evidence' on AIC's fiduciary duty and negligence/gross negligence claims.")); *e.g.*, *Wilson*, 2009 WL 151666, at *2 ("[S]ince Plaintiffs are attempting to use the consent decrees entered into by the PK and Gibson Defendants, and the corresponding orders, to prove liability and not for some other purpose, the

consent decrees and orders are precluded by Federal Rule of Evidence Rule 408."). Moreover,

Rule 408's prohibition appears to be applicable even if the entity invoking the rule is not a party

to the agreement at issue. *E.g.*, *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986)

("Even where the evidence offered favors the settling party and is objected to by a party not

involved in the settlement, Rule 408 bars the admission of such evidence unless it is admissible

for a purpose other than 'to prove liability for or invalidity of the claim or its amount.'" (citation

omitted)); *see also Buescher v. Baldwin Wallace Univ.*, 86 F. Supp. 3d 789, 796 (N.D. Ohio 2015)

("[P]laintiffs contend that Rule 408 does not apply to non-parties, and because plaintiffs were not

parties to the Consent Agreement, it cannot be excluded. But, plaintiffs cite no authority to support

this argument. Rather, cases have excluded consent agreements where plaintiffs were not parties

to the agreement." (citation omitted)).

As a result of the foregoing, the court grants Defendant's Motion and declares that the

government investigation documents are not admissible in this action pursuant to Federal Rule of

Evidence 408.[8]

## C.    BSA/AML Training

The parties' final dispute concerns the admissibility of testimony or evidence regarding

---

[8] If the court has misconstrued Plaintiff's intentions, the court grants Plaintiff leave to immediately file a motion for reconsideration specifying the error as it relates to each government investigation document. *Cf. Option Res.*, 967 F. Supp. at 849 ("The rule does not require exclusion of such evidence where it is offered for some legitimate purpose other than to prove the validity of the claim or amount, such as to show bias or prejudice of a witness." (citing Fed. R. Evid. 408)); *Am. Pegasus SPC v. Clear Skies Holding Co., LLC*, C/A No. 1:13-CV-03035-ELR, 2015 WL 10891937, at *6 (N.D. Ga. Sept. 22, 2015) ("However, federal courts have found that the statements in pursuit of settlement which are excluded by the operation of Rule 408 are those which pertain to the same claims that are being litigated. (citations omitted)). If Plaintiff undertakes this course of conduct, the court further invites Plaintiff to specify the factual findings in each government investigation document that it would argue are admissible under Rule 803(8).

Defendant's BSA/AML[9] training.[10]  More specifically, Defendant asserts that such evidence is

irrelevant under Rule 401 and a waste of time under Rule 403 (ECF No. 177 at 14), while Plaintiff

argues that the failures in Defendant's "BSA/AML program are consistent with the monitoring

and oversight failures that led to [Plaintiff] AIC's losses."  (ECF No. 190 at 18; *see also id.* at 19

("[T]his evidence is relevant because BSA/AML programs are intended to identify and prevent

suspicious transactions flowing through national banks like the illicit business Burns, the Southport

entities, and others operated through AIC Trust administered by USB.").)

Upon consideration of the aforementioned, the court observes that the relevance of

evidence regarding BSA/AML training is dependent "on the purpose it is offered for and the

context in which it is offered."  *Woods v. Amazon.com, LLC*, No. 17 C 4339, 2019 WL 2323874,

at *9 (N.D. Ill. May 30, 2019) (citations omitted).  Because this matter is set for bench trial, the

court finds that it would be imprudent to exclude the BSA/AML evidence at this time.  *Cf. Alan L.*

*Frank Law Assocs., P.C. v. OOO RM Invest*, Case No. 16-22484-CIV-ALTONAGA/O'Sullivan,

2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016) ("The rationale underlying pre-trial motions in

limine does not apply in a bench trial, where it is presumed that the judge will disregard

---

[9] "The Bank Secrecy Act (BSA), also known as the Currency and Foreign Transactions Reporting Act, is legislation passed by the United States Congress in 1970 that requires U.S. financial institutions to collaborate with the U.S. government in cases of suspected money laundering and fraud."  *Bank Secrecy Act (BSA)*, https://searchfinancialsecurity.techtarget.com/definition/Bank-Secrecy-Act-BSA (last visited June 20, 2019).  "The purpose of the BSA, aside from making money laundering more difficult to propagate, is to prevent banks from becoming unknowing intermediaries in illicit activity."  *Id.*  "The BSA is sometimes referred to as an anti-money laundering law (AML) or jointly as BSA/AML."  *Id.*

[10] "Training is a core requirement of a satisfactory Bank Secrecy Act and Anti-Money Laundering (BSA/AML) compliance program."  *Federal Reserve Bank of Minneapolis*, https://www.minnea polisfed.org/publications/banking-in-the-ninth/bank-secrecy-act-training-requirements (last visited June 20, 2019).  "At a minimum, a BSA/AML training program must provide training for all personnel whose duties require knowledge of the BSA."  *Id.*  "While BSA/AML training is required, banks have flexibility in the way they design the training program."  *Id.*

inadmissible evidence and rely only on competent evidence. . . . In fact, courts are advised to deny motions in limine in non-jury cases. . . . The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." (intern citations omitted)).  Accordingly, the court denies Defendant's Motion seeking to exclude the BSA/AML evidence.

## II. CONCLUSION

After careful consideration of the record and the parties' arguments, the court **GRANTS IN PART AND DENIES IN PART** Defendant U.S. Bank National Association's Motion in Limine to Exclude Testimony of Plaintiff's Liability Expert Don Coker, **GRANTS** the Motion in Limine to Exclude Evidence Related to Government Investigations, and **DENIES WITHOUT PREJUDICE** the Motion in Limine to Exclude BSA/AML Training Evidence.  (ECF No. 177.)

**IT IS SO ORDERED.**


*J. Michelle Childs*

United States District Judge

June 21, 2019
Columbia, South Carolina