IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Accident Insurance Company, Inc., a South Carolina Corporation | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: 3:16-cv-02621-JMC |
| v. | ) ) ) |
| U.S. Bank National Association, | ) ORDER ) |
| Defendant. | ) ) ) |
| U.S. Bank National Association, | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) ) |
| Southport Lane Advisors, Southport Specialty Finance, Administrative Agency Services, and Alexander Chatfield Burns, | ) ) ) ) ) |
| Third-Party Defendants. | ) ) ) |

Plaintiff Accident Insurance Company, Inc. ("AIC") filed this action against Defendant U.S. Bank National Association ("U.S. Bank") seeking monetary damages for breach of contract, breach of fiduciary duty, negligence/gross negligence, negligent misrepresentation, and civil conspiracy regarding a trust agreement. (ECF No. 154 at 21 ¶ 116–25 ¶ 141.)

Before the court for review is Intervenor Black & Lobello's ("B&L") Motion to Adjudicate Attorney's Lien (ECF Nos. 227, 227-1). Because the court finds B&L's Motion is premature, the court **DENIES** the Motion without prejudice.

I.    **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On March 27, 2019, B&L filed a Motion to Adjudicate Attorney's Lien. (ECF Nos. 227,

1

227-1.) From May 2, 2015, until June 29, 2018, AIC retained the law firm B&L for legal services "related to claims concerning the Destra Targeted Income fund and related matters." (*Id.* at 1, 3.) During that time, the parties executed two engagement letters outlining their attorney-client relationship. (*Id.* at 1–2.) The Original Engagement Letter was executed on or about May 2, 2015. (*Id.* at 1.) The Amended Engagement Letter, executed on or about March 14, 2016, "acted as a complete restatement of the Original Engagement Letter except the effective date which remained at May 26, 2015." (*Id.* at 2.) The Amended Engagement Letter stated that "[AIC] agrees and understands that B&L will be paid *both* an hourly rate until Destra Collateral is received, *and* a contingency fee on any recovery that is above the Destra Collateral." (ECF No. 250 at 11.) The Amended Engagement Letter also established that (1) "B&L . . . shall [not] be entitled to any contingency amount unless and until the recovery of the sum identified as 'Destra Units'"; (2) "[i]n the event B&L is discharged or withdraws, B&L only shall be paid the hourly rate of $275.00 per hour"; and (3) "B&L will be paid an hourly rate of $275.00 until such time as the Destra Collateral is recovered. . . . In the event of a discharge or withdrawal by B&L, B&L shall be paid hourly based on the sum of $275 per hour." (*Id.* at 11, 12.) Additionally, the Amended Engagement Letter provided that "[t]his . . . letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. B&L's services shall be governed by the Rules of Professional Conduct[,] as adopted by the Nevada Supreme Court, without regard to where the services are actually performed." (*Id.* at 14.)

B&L alleges that "[f]rom May 1, 2017[,] to June 29, 2018, AIC failed to pay B&L the hourly rate and costs pursuant to the Amended Engagement Agreement." (ECF No. 227-1 at 3.) On June 29, 2018, "[a]fter negotiations to resolve the unpaid fees and costs failed, AIC terminated B&L." (*Id.*) B&L asserts that "[t]he unpaid invoices for the period of May 1, 2017[,] to June 29,

2018 . . . due to B&L totaled $339,139.53, which included $324,984.71 in attorneys' fees, costs of $1,695.55, and interest due of $12,59.27." (*Id.* at 4.) "On July 27, 2018, B&L sent a Notice of Attorneys' Lien pursuant to Nevada Revised Statute [("NRS")] 18.015 for unpaid costs and expenses, reasonable attorneys' fees, and interest in the amount of $339,139.53." (*Id.*).

On August 14, 2018, B&L filed a Motion to Withdraw (ECF No. 149), which the court granted on August 14, 2018. (ECF No. 150.) B&L asserts that it is entitled to adjudicate its attorneys' lien under NRS 18.015 because (1) "B&L was retained by [] AIC and filed and prosecuted the above-captioned action for AIC (along with co-counsel)" (*id.* at 8); (2) "B&L properly perfected its lien because it provided proper notice to the client, AIC, by certified mail, return receipt requested to numerous locations" (*id.*); (3) "[t]he Amended Engagement Agreement clearly set forth that upon either discharge or termination, B&L is entitled to the discounted rate of $275 per hour, plus cost for its services" (*id.* at 9); and (4) "this case has been set for mediation and set for trial" (*id.* at 10).

On April 30, 2019, AIC filed a Response in Opposition to B&L's Motion. (ECF No. 251.) First, AIC asserts the court should apply federal law in determining procedural issues, such as when the court can award relief, because this is a diversity action. (*Id.* at 2.) Second, AIC argues the relief requested by B&L is governed by Local Rule 54.02 (D.S.C.) and Rule 54(d) of the Federal Rules of Civil Procedure, and because B&L "d[id] not analyze the requirements" under these Rules, B&L is not entitled to the relief requested." (*Id.* at 2–3.) Third, AIC argues that B&L's request is also barred by Nevada law because, under Nevada law, "a judgment (or settlement) is a pre-requisite before adjudication by the court." (*Id.* at 4.)

## II.     ANALYSIS

The court first considers whether B&L is entitled to relief under Nevada Law.[1] Under NRS 18.015 (West 2019),

> 1. An attorney at law shall have a lien:
>
> (a) Upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted.
>
> . . . .
>
> 2. A lien pursuant to subsection 1 is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client.
>
> 3. An attorney perfects a lien described in subsection 1 by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien.
>
> 4. A lien pursuant to:
>
> (a) Paragraph (a) of subsection 1 attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action . . . .
>
> 6. On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 7. Collection of attorney's fees by a lien under this section may be utilized with, after or independently of any other method of collection.

B&L cannot satisfy the requirements of NRS 18.05. In *Leventhal v. Black & Lobello*, a case involving B&L and cited by B&L, (*see* ECF No. 2277-1 at 6 n.3), the Supreme Court of

---

[1] Because the court finds that B&L is not, at this time, entitled to adjudication of its lien under either the Federal Rules of Civil Procedure, the Local Civil Rules, or Nevada Law, the court declines, at this time, to weigh-in on whether the choice-of-law provision in the Amended Engagement Letter is binding on this court.

4

Nevada held that "under NRS 18.015(3), the lien attaches to a judgment, verdict, or decree entered, or to money or property recovered, *after* the notice is served." 305 P.3d 907, 911 (Nev. 2013). The Nevada Supreme Court established that "Nevada attorneys must notify their clients in writing of any interest the attorney has that is adverse to a client" before entry of any judgment because "[d]iligent perfection of the lien under NRS 18.015(3) ensures that the client, the client's opponent in the litigation, and others have notice of the attorney's lien and may conduct the litigation and deal with any recovery it produces accordingly." *Id*. However, the lien "*attaches to a judgment, verdict, or decree entered, or to money or property recovered*." *Id.* (emphasis added). Thus, although Nevada attorneys are required to notify their clients of any interest in the recovery prior to the entry of judgment, this does not require courts to adjudicate the lien prior to entry of judgment because the lien has nothing upon which to attach. Thus, based on the court's review of Nevada caselaw, it appears to the court that under NRS 18.015, the attachment of the lien to an "affirmative recovery" is a prerequisite to adjudication of the lien. *See, e.g.*, *DeCesare v. Hutchison & Steffen, LLC*, 405 P.3d 104 (Nev. 2017) ("Pursuant to NRS 18.015(1)(a), an attorney 'shall have' a lien on any claim 'placed in the attorney's hands by a client.' This lien 'attaches to any verdict, judgment or decree *entered* and to any money or property which is *recovered* on account of the suit or other action.' NRS 18.015(4)(a). We have held that for such a lien, often referred to as a charging lien, to be enforceable, the party against whom the lien is being asserted *must obtain affirmative recovery*." (emphasis added)); *McDonald Carano Wilson v. Bourassa Law Grp.*, 362 P.3d 89, 91 (Nev. 2015) ("NRS 18.015's language unambiguously allows any counsel that worked on a claim to enforce a charging lien against any *affirmative recovery*." (emphasis added)). Therefore, because no verdict, judgment, or decree has been *entered* in this case, and

5

AIC has not *obtained* an affirmative recovery, the court finds B&L's motion is premature, and B&L is not, at this time, entitled to adjudication of its lien under Nevada law. *See id.*

B&L is also not, at this time, entitled to adjudication of its lien under the Federal Rules of Civil Procedure or the Local Civil Rules of the District of South Carolina, as B&L does not argue it is so entitled, and therefore the court will not address such an argument. *See Hewett v. City of King*, 29 F. Supp. 3d 584, 625 (M.D.N.C. 2014) ("However, as [p]laintiff does not argue that the City's use of religious emblems as a basis for the forum itself is unconstitutional, the [c]ourt will not address such an argument.") But, the court notes that under Rule 54 of the Federal Rules of Civil Procedure, "[a] claim for attorney's fees . . . . [u]nless a statute or court order provides otherwise, the motion [for attorney's fees] must: be filed no later than 14 days *after* entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added). Rule 54 also requires any motion for attorney's fees to "specify the *judgment* and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). However, as there has yet to be a judgment in this case, B&L has no judgment to specify. Accordingly, the court finds B&L's Motion is premature and will deny it without prejudice.

### III. CONCLUSION

The court **DENIES WITHOUT PREJUDICE** B&L's Motion to Adjudicate Attorney's Lien (ECF Nos. 227, 227-1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 3, 2019
Columbia, South Carolina