**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Accident Insurance Company, Inc., a South Carolina Corporation | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 3:16-cv-02621-JMC |
| v. | ) ) ) | |
| U.S. Bank National Association, | ) ) | **ORDER** |
| Defendant. | ) ) | |
| U.S. Bank National Association, | ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| Southport Lane Advisors, Southport Specialty Finance, Administrative Agency Services, and Alexander Chatfield Burns, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter is before the court to address Defendant's Amended Objections to Plaintiff's

Proposed Exhibits. (ECF No. 269.) "As a general matter, . . . the Federal Rules of Evidence, and

not state law, govern the admissibility of evidence in diversity actions in the Federal courts."

*Brown v. Ford Motor Co.*, 10 F. App'x 39, 47 (4th Cir. 2001) (citing *Scott v. Sears, Roebuck &*

*Co.*, 789 F.2d 1052, 1054 (4th Cir. 1986)). Under Rule 402 of the Federal Rules of Evidence,

relevant evidence is generally admissible at trial. "Evidence is relevant if: (a) it has any tendency

to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action." Fed. R. Evid. 401. In consideration of the foregoing, the

court makes the following preliminary rulings on Defendant's specific objections to Plaintiff's

Exhibits:

1) Objection to Plaintiff's Ex. 43 "as over inclusive of documents not otherwise identified as separate exhibits." (ECF No. 269 at 1.)

   The Court's Ruling: OVERRULED AS MOOT. According to correspondence received from Plaintiff's counsel in which Defendant's counsel was carbon copied, "the issue is now moot because [Plaintiff] AIC agrees to present only the first two pages so that this exhibit is no longer overinclusive."

2) Objection to Plaintiff's Ex. 91 "on the grounds that this is an expert opinion in violation of the applicable Federal Rules of Civil Procedure and Evidence as undisclosed opinions and/or hearsay" and "for lack of foundation." (ECF No. 269 at 1.)

   The Court's Ruling: Expert opinion is "[a]n opinion offered by a witness whose knowledge, skill, experience, training, and education qualify the witness to help a fact-finder understand the evidence or decide a factual dispute." *Expert Opinion*, Black's Law Dictionary (10th ed. 2014). Upon its review, the court observes that Plaintiff's Exhibit No. 91 is an April 28, 2014 "Interim Report" on investments owned by Freestone Insurance Company, which consists of one and seventy-two (172) pages and provides information from individuals at the firm Duff & Phelps. At this time, the court does not possess any information regarding either the relevance of Plaintiff's Exhibit No. 91 or the witness who will attempt to establish a foundation for its admission. As a result, the court will hold in abeyance its ruling regarding Defendant's objection to Plaintiff's Exhibit No. 91.

3) Objection to Plaintiff's Ex. 99 "on the grounds that this contains an expert opinion in violation of the applicable Federal Rules of Civil Procedure and Evidence as undisclosed opinions and/or hearsay" and "for lack of foundation." (ECF No. 269 at 2.)

   The Court's Ruling: Expert opinion is "[a]n opinion offered by a witness whose knowledge, skill, experience, training, and education qualify the witness to help a fact-finder understand

the evidence or decide a factual dispute." *Expert Opinion*, Black's Law Dictionary (10th ed. 2014).  Upon its review, the court observes that Plaintiff's Exhibit No. 99 is a transcript from a July 22, 2014 hearing in the Delaware Court of Chancery, which consists of one and one (101) pages and provides testimony from numerous individuals.  At this time, the court does not possess any information regarding either the relevance of Plaintiff's Exhibit No. 99 or the witness who will attempt to establish a foundation for its admission.  As a result, the court will hold in abeyance its ruling regarding Defendant's objection to Plaintiff's Exhibit No. 99.

Upon consideration of the foregoing, the parties are advised that they will be allowed to present further arguments regarding the aforementioned Exhibits during trial, but are encouraged to solve their disputed issues based on the court's guidance herein.

**IT IS SO ORDERED**.

J. Michelle Childs

United States District Judge

July __, 2019
Columbia, South Carolina