# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Accident Insurance Company, Inc., a South Carolina Corporation | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 3:16-cv-02621-JMC |
| v. | ) ) | |
| U.S. Bank National Association, | ) ) | **ORDER** |
| Defendant. | ) ) | |
| U.S. Bank National Association, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| Southport Lane Advisors, Southport Specialty Finance, Administrative Agency Services, and Alexander Chatfield Burns, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter is before the court to address Plaintiff's Objections to Defendant's Proposed Exhibits. (ECF No. 268.) "As a general matter, . . . the Federal Rules of Evidence, and not state law, govern the admissibility of evidence in diversity actions in the Federal courts." *Brown v. Ford Motor Co.*, 10 F. App'x 39, 47 (4th Cir. 2001) (citing *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1054 (4th Cir. 1986)). Under Rule 402 of the Federal Rules of Evidence, relevant evidence is generally admissible at trial. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In consideration of the foregoing, the

1

court makes the following preliminary rulings on Plaintiff's specific objections to Defendant's Exhibits:

1) Objection to Defendant's Ex. 159 because it is "[i]rrelevant to a [c]laim or [d]efense" and violates "Rule 408." (ECF No. 268 at 1.)

   The Court's Ruling: Upon its review, the court observes that Defendant's Exhibit No. 159 appears to be twenty (20) pages of an e-mail and attachments regarding the Madison Insurance Company that were sent by Plaintiff's Chief Financial Officer to the South Carolina Department of Insurance in April of 2014. At this time, the court does not possess any information regarding either the relevance of Defendant's Exhibit No. 159 or the events that led to its creation. Additionally, it is not immediately obvious to the court that Defendant is offering Exhibit No. 159 in an attempt to prove the invalidity of Plaintiff's claims. *E.g.*, *S.E.C. v. Pentagon Capital Mgmt. PLC*, No. 08 Civ. 3324, 2010 WL 985205, at *4 (S.D.N.Y. Mar. 17, 2010) ("Rule 408 exists to protect a party that settles one claim from having that settlement used against it to establish liability (or the extent of liability) of that same party in another lawsuit for the same claim."). As a result, the court will hold in abeyance its ruling regarding Plaintiff's objection to Defendant's Exhibit No. 159.

2) Objection to Defendant's Ex. 207 because it is "[i]rrelevant to a [c]laim or [d]efense" and lacks "[f]oundation." (ECF No. 268 at 1.)

   The Court's Ruling: Defendant's Exhibit No. 207 appears to be e-mails and an audit spreadsheet exchanged in January of 2015 between Lynn Wilhoite of Appalachian Underwriters, Inc. and Plaintiff's employee Diane Murphy. At this time, the court does not possess any information regarding either the relevance of Defendant's Exhibit No. 207 or the witness who will attempt to establish a foundation for its admission. As a result, the court will hold in abeyance its ruling regarding Plaintiff's objection to Defendant's Exhibit No. 207.

3) Objection to Defendant's Ex. 208 because it is "[i]rrelevant to a [c]laim or [d]efense" and lacks "[f]oundation." (ECF No. 268 at 1.)

   The Court's Ruling: Defendant's Exhibit No. 268 appears to be e-mails and an audit spreadsheet exchanged in January of 2015 between Lynn Wilhoite of Appalachian Underwriters, Inc. and Plaintiff's employee Diane Murphy. At this time, the court does not possess any information regarding either the relevance of Defendant's Exhibit No. 208 or the witness who will attempt to establish a foundation for its admission. As a result, the court will hold in abeyance its ruling regarding Plaintiff's objection to Defendant's Exhibit No. 208.

4) Objection to Defendant's Ex. 268 because its inclusion violates "Rule 408." (ECF No. 268 at 1.)

   The Court's Ruling: Defendant's No. 268 is a Confidential Order Imposing Administrative Supervision and Appointing Supervisor entered by the South Carolina Department of Insurance against Plaintiff on March 24, 2016. At this time, it is not immediately obvious to the court that Defendant is offering Exhibit No. 268 in an attempt to prove the invalidity of Plaintiff's claims, a prerequisite for application of Rule 408. Accordingly, the court **OVERRULES** this objection **WITHOUT PREJUDICE**.

5) Objection to Defendant's Ex. 287 because it lacks "[f]oundation," is "[n]ot [e]vidence," is "[h]earsay," and violates "Rule 408." (ECF No. 268 at 1.)

   The Court's Ruling: Defendant's Exhibit No. 287 is an October 2016 Petition for Order Commencing Rehabilitation Proceedings and Granting an Injunction and Automatic Stay of Proceedings filed against Plaintiff by the Director of the South Carolina Department of Insurance in the Richland County (South Carolina) Court of Common Pleas. At this time, the court does not possess any information regarding the relevance of Defendant's Exhibit No. 287, the witness who will attempt to establish a foundation for its admission, or if Defendant is offering Exhibit No. 287 in an attempt to prove the invalidity of Plaintiff's claims. As a

result, the court will hold in abeyance its ruling regarding Plaintiff's objection to Defendant's Exhibit No. 287.

Upon consideration of the foregoing, the parties are advised that they will be allowed to present further arguments regarding the aforementioned Exhibits during trial, but are encouraged to solve their disputed issues based on the court's guidance herein.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

July 5, 2019
Columbia, South Carolina